IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FOX CORPORATION, FOX MEDIA LLC, and FOX SPORTS EN ESPAÑOL LLC,     Plaintiffs, | § § § § § | CASE NO. 4:25-MC-02271 |
| V. | § § | |
| MANUEL ARROYO,     Defendant. | § § § | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR SUPPLEMENTAL BRIEF**

**PUBLICLY FILED VERSION**

Arroyo shows no contrition for his abuse of the discovery process. Presented with numerous exhibits showing his "involvement in the management, direction, operation, or control of Mexico Sports Distribution," *see* ECF No. 14-4 at 12 (Plaintiffs' RFP No. 1), Arroyo responds with ad hominem attacks and unpersuasive post-hoc explanations. In doing so, Arroyo openly discusses the content of Plaintiffs' exhibits in a public filing, even though the Court ordered those documents sealed, ECF No. 31. That unfortunate display only further condemns Arroyo.

In his zeal to defy the obvious import of Plaintiffs' evidence, Arroyo shines a bright light on his deceit and bad faith. █████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████

1

A pattern of behavior is emerging from this latest revelation. Arroyo uses backdated documents to sidestep facts that are detrimental to his interest.[1] Arroyo's behavior in responding to Plaintiffs' discovery requests (stonewalling) and in opposing Plaintiffs' motion to compel (relying on backdated documents) is troubling. The Court should not countenance that conduct. It is the sort of bad faith that permits the Court to find Arroyo waived his untimely objections. *See Baker v. Walters*, 652 F. Supp. 3d 768, 776 (N.D. Tex. 2023) (untimely discovery objections are waived unless "good cause" exists to excuse untimeliness which considers, *inter alia*, "whether there was any bad faith . . . of the party that failed to object") (quotation and citation omitted). It is also the sort of behavior that empowers the Court to grant Plaintiffs additional discovery to explore potential spoliation and other violations of Arroyo's discovery obligations.

### A.      Arroyo Misrepresents the MSD Receiver Production

Arroyo claims "on information and belief" that "Fox obtained over 17,000 emails" from MSD's receiver and "cherry-picked" six exhibits from that set. ECF No. 32 at 2 ¶ 3. That is wrong. At the time Plaintiffs filed their supplemental brief, the MSD receiver had produced 285 documents to Plaintiffs—not 17,000.[2] Declaration of Christopher T. Berg ("Berg Decl.") ¶ 3. Furthermore, there is no evidence whatsoever

---

[1] ██████████████████████████████████████ should inform how the Court regards the highly suspicious documents filed by Arroyo that claim he ceased being president of MDM and MSD in January 2025. *See* ECF No. 9-1, Ex. 1A; ECF No. 17-6.

[2]   On June 3, 2026, the MSD receiver produced an additional 210 documents. Plaintiffs have now received a total of 495 documents from the MSD receiver. Berg Decl. ¶ 4.

that the MSD receiver improperly produced information that it was ordered by the SDNY court to produce.

**B.     Arroyo Unpersuasively Mischaracterizes Plaintiffs' Evidence**

Arroyo fails to explain away the significance of Plaintiffs' exhibits accompanying their supplemental brief.  But more to the point of this motion, Arroyo does not contend they are not responsive to Plaintiffs' discovery requests.  The vast majority of Plaintiffs' discovery asks one question in several ways: produce documents showing Arroyo's relationship with MSD.  Plaintiffs have shown Arroyo has concealed documents that are responsive to those requests.

**1.**



████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████

This evidence undermines Arroyo's contention that ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████ Documents and

information related to that conduct are responsive to Plaintiffs' discovery requests. *See Guillory v. Aetna Ins. Co.,* 415 F.2d 650, 651–53 (5th Cir. 1969) (where individual represented company in contract negotiations, question of whether individual not formally elected, appointed, or designated an officer of a company could be considered "executive officer" was properly submitted to jury); *In re Hellenic Inc.*, 252 F.3d 391, 397 (5th Cir. 2001) ("power to negotiate and enter into contracts on behalf of the company" is indicia of "managing agent" status); *In re Johnson*, 283 B.R. 694, 702

(Bankr. N.D. Tex. 2000) ("authority to negotiate contracts for the corporation" is indicia of "responsible person" status).  Arroyo should be compelled to produce all documents related to these events and all other negotiations related to MSD.



**2.**

Plaintiffs' Exhibit A, ECF No. 30-1 at 4, and documents like it are plainly responsive to Plaintiffs' discovery requests.  *See* ECF No. 14-4 at 12 (calling for documents showing Arroyo's "involvement in the management, direction, operation, or control of [MSD]"); *see also id.* (RFP Nos. 4, 10, 11, 14, 15).

7

█████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████ Arroyo's arguments

are additional proof that he failed to disclose responsive documents.

**3.**    ███████████████████████████████████████
███████

████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████

4.        ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████  *See, e.g.*, ECF No. 14-4 at 12 (Plaintiffs' RFP No. 1).

5.        ███████████████████████████████████████████████

███████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████



For that reason, Plaintiffs are entitled to discovery into Fox Sports Mexico documents in Arroyo's possession, custody, or control that relate to MSD's involvement with Fox Sports Mexico. *See, e.g.*, ECF No. 14-4 (Plaintiffs' RFP Nos. 1, 4, 7, 8, 10).[3]

## CONCLUSION

Arroyo has proven himself to be a bad faith actor in this discovery process. The Court should compel Arroyo to produce documents responsive to Plaintiffs' discovery requests and hold that Arroyo has waived his untimely objections. The Court should also allow additional discovery to determine whether Arroyo engaged in a reasonably diligent search for responsive documents or engaged in spoliation.

---

[3] Arroyo claims that Plaintiffs' counsel did not apprise the SDNY court that they were correcting an inadvertent omission when they filed amended declarations. ECF No. 32 at 7 ¶¶ 22, 24. Arroyo is dead wrong. In a telephonic conference held on May 5, 2026, Plaintiffs' counsel sought leave from Judge Rakoff to file amended declarations and explained why. Berg Decl. ¶ 7. Judge Rakoff granted that request, making clear that Plaintiffs had explained the basis for their submissions. *Id.*, Ex. 3 ("Judge Rakoff approves your request to re-file certain declarations stating that they were executed under penalty of perjury."). Arroyo's baseless attacks are a transparent attempt to deflect Arroyo's bad faith conduct in this proceeding.

Date: June 10, 2026

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Marcus R. Tucker*
Marcus R. Tucker
Federal Bar No. 12769
State Bar No. 20282360
1001 Fannin, Suite 2200
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email: marcus.tucker@phelps.com

**ATTORNEYS FOR PLAINTIFFS**

**OF COUNSEL:**

**PHELPS DUNBAR LLP**

D. Michael Hurst Jr.*
State Bar No. 99990
*Pro Hac Vice
1001 Fannin, Suite 2200
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email:  mike.hurst@phelps.com


**ELLIS GEORGE LLP**
Katherine A. Petti (*pro hac vice*)
kpetti@ellisgeorge.com
Christopher T. Berg (Bar No. 24082682)
cberg@ellisgeorge.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

11

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 10th day of June 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send electronic notice of such filing to all counsel of record.

*/s/ Marcus Tucker*
Of Phelps Dunbar LLP

12