**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| FOX CORPORATION, FOX MEDIA LLC, and FOX SPORTS EN ESPAÑOL, LLC, | ) | |
| Plaintiffs, | ) | |
| v. | ) | CASE NO. 4:25-MC-02271 |
| MANUEL ARROYO, | ) | |
| Defendant. | ) | |

## DEFENDANT MANUEL ARROYO'S REPLY IN SUPPORT OF HIS OPPOSED MOTION FOR RECONSIDERATION

## I. NATURE AND STAGE OF THE PROCEEDING

Fox registered an SDNY judgment against Arroyo in this Court. Arroyo moved under Rule 60(b)(4) to void that judgment for want of personal jurisdiction in the SDNY ("Rendering Court"). Rather than respond, Fox obtained jurisdictional discovery [ECF No. 13] and later an order compelling responses [ECF Nos. 47, 48]. Arroyo moved for reconsideration of both. Fox responded on September 8, 2026 [ECF No. 60]. This Reply follows.[1]

## II. ISSUE PRESENTED AND STANDARD OF REVIEW

The issue presented here is whether the Court should reconsider its interlocutory orders at ECF Nos. 13 and 48. Under Rule 54(b), an interlocutory order "may be revised at any time before the entry of a judgment," Fed. R. Civ. P. 54(b), and "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an

[1] Fox filed its response on September 8, 2026 [ECF No. 60]. This reply is filed one day beyond the seven-day period contemplated by Section 7(A) of the Court's Court Procedures. Arroyo respectfully requests that the Court accept it. No party is prejudiced by the brief interval, and Fox's response raises authority and record materials — including the September 5, 2025 hearing transcript — that were not previously before the Court.

intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).

## III. ARGUMENT

Fox's response repeatedly asserts that Arroyo's positions are "wrong" without engaging the authority on which they rest. The questions presented are legal ones, and they are answered below on the record Fox itself supplies.

### A. The motion is timely, and Fox's "five months" framing addresses only half of it.

Fox leads with delay. But Rule 54(b) contains no time bar; it permits revision "at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). Fox cites no authority imposing one, and its own lead case confirms the Court may reconsider "for any reason it deems sufficient." *Austin*, 864 F.3d at 336. The cases Fox marshals counsel restraint; none creates a deadline.

More to the point, Fox's timeline describes only part of Arroyo's motion. Arroyo's alternative relief is directed at the Corrected Order entered August 3, 2026 [ECF No. 48]. Arroyo moved for reconsideration on August 17, 2026—fourteen days later. Fox's response never acknowledges that half of the motion, much less explains how a fourteen-day interval is dilatory. And the principal relief sought is not merely revision of a past order but a sequencing determination: that the antecedent, case-dispositive Rule 60(b)(4) motion should be decided before discovery in aid of resisting it. That request ripened as the discovery orders were enforced against Arroyo, not in March 2026, when discovery was merely authorized.

### B. The Fifth Circuit's one-sentence denial of mandamus resolved nothing at issue here.

Fox invokes the Fifth Circuit's order four times, framing it as a merits rejection of Arroyo's positions. It is not. The order reads, in its entirety: "IT IS ORDERED that the petition for writ of

mandamus is DENIED." *In re Arroyo*, No. 26-20495 (5th Cir. Sept. 4, 2026) (per curiam) (unpublished) (ECF No. 60-2, at 15). It is unpublished, per curiam, and contains no reasoning, no discussion of the Hague Service Convention, and no assessment of the discovery orders.

That is unsurprising. Mandamus requires a petitioner to show no other adequate means of relief, a clear and indisputable right to the writ, and that issuance is appropriate under the circumstances. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004); *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) (en banc). A denial establishes only that this demanding standard was not satisfied. It is not an adjudication that the challenged orders were correct, and it carries no preclusive weight on the motion now before the Court.

If the denial signals anything, it is that the Court of Appeals expects these questions to be addressed through the ordinary course rather than by extraordinary writ—in the District Court in the first instance, and on review in the ordinary channels thereafter. Arroyo respectfully takes that course here. This Court, unlike the Court of Appeals on a mandamus petition, is not confined to asking whether relief is clear and indisputable. It retains full discretion under Rule 54(b) to revisit its own interlocutory orders for any reason it finds sufficient, and it is the forum best positioned to consider these issues in the first instance. Arroyo asks only that the Court exercise that discretion on the merits.

### C. Fox's Article 15(3) theory cannot support a money judgment—as Fox's own authority holds.

Fox's response rests its jurisdictional showing on Article 15(3) of the Hague Service Convention, which permits a court, "in case of urgency," to order "any provisional or protective measures." That provision cannot bear the weight Fox places on it. Fox's showing establishes only that the Rendering Court authorized email service. That is beside the point. Under the very authority Fox invokes, a district court's authorization does not validate email service on a

defendant located in a State that has objected to Article 10; such service remains improper under Rule 4(f) notwithstanding the order permitting it. *Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 171–72 (2d Cir. 2025). Indeed, Fox's counsel confirmed on the record that "the service of the contempt order you issued itself . . . does not say electronic service." Tucker Decl., Ex. A, 9/5/2025 Hearing Transcript, SDNY Action at 15:12–16. The question is therefore not whether the Rendering Court authorized service, but whether the Convention permitted it—and on Fox's own theory, that turns entirely on Article 15(3).

Indeed, the Convention does not permit it. Fox's own case says so. In *Smart Study*, the Second Circuit faulted the plaintiff for failing to explain how the relief it sought—a default judgment—was a provisional or protective measure within Article 15(3). *Smart Study*, 164 F.4th at 173. The same defect is fatal here, and more plainly so. The SDNY entered a monetary contempt judgment against Arroyo of $5,800,000. A judgment for millions of dollars is not a provisional measure and it is not a protective measure. It is final monetary relief. Whatever Article 15(3) may have authorized as to a temporary restraining order, it does not authorize service supporting money judgments of that character against a person located in Mexico, which has objected to Article 10.

The parties do not disagree about what occurred. What they dispute is the legal consequence — whether Article 15(3) reaches final monetary sanctions against a foreign individual. That is a question of law, answerable on the existing record. No interrogatory or document request bears on it.

**D. Non-production is not spoliation.**

Fox describes its spoliation predicate as follows: Arroyo represented that he had produced all responsive documents, and Fox believes he had not. This describes incomplete production. It does not describe spoliation.

Spoliation is the destruction, alteration, or loss of evidence. Rule 37(e) applies where information "is lost" and "cannot be restored or replaced through additional discovery." Fed. R. Civ. P. 37(e). Even under the relaxed preliminary-showing standard Fox invokes, what must be shown preliminarily is *spoliation* — the destruction or significant alteration of evidence, *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 612 (S.D. Tex. 2010); *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) — not that responsive material was withheld. Fox identifies no document destroyed, no account deleted, and no information that cannot be obtained through ordinary discovery. Its own description establishes the opposite: the documents exist, and Fox has copies.

The remedy for a deficient production is a motion to compel. Fox filed one and obtained an order. Forensic examination of a foreign nonparty's devices and accounts is a different and far more intrusive remedy, and it requires a showing Fox has not attempted to make.

**E. Fox's two theories cannot both be true.**

Fox asserts that Arroyo "was most certainly a party to the SDNY contempt proceedings." Resp. at 12 n.1. He was not. Arroyo was a nonparty to the SDNY action and a nonparty to the contempt proceedings; he never appeared in either, and he contests that he was never validly brought before that court. [ECF Nos. 2–3.] That Fox directed a contempt motion at him, and that the SDNY entered judgment against him, did not make him a party; it is precisely the premise of his Rule 60(b)(4) motion that he was never validly brought before that court. [ECF Nos. 2–3.] Fox's assertion assumes the very conclusion its jurisdictional discovery is meant to establish.

Fox's position is also internally inconsistent. Having asserted that Arroyo was personally before the SDNY and personally adjudged, Fox simultaneously seeks sweeping discovery to determine whether MSD "adequately represented" Arroyo's interests—a doctrine that exists solely

to determine when a *nonparty* may be bound by a judgment rendered in litigation conducted by another. *Taylor v. Sturgell*, 553 U.S. 880, 894–900 (2008).

Both cannot be so. If Arroyo was personally before the SDNY and personally adjudged, the adequate-representation inquiry is unnecessary and the discovery Fox seeks serves no jurisdictional purpose. If he was not, then Fox must establish a narrow, due-process-constrained exception on which it bears the burden—and the exception fails on Fox's own account of the facts, because a nonparty corporation cannot serve as the vehicle for binding a nonparty individual. Either way, the question is legal. Fox's pivot to Arroyo's "de facto" control of MSD does not change that; control-based liability is an alter-ego theory, which Fox has neither pleaded nor undertaken to prove, and which is governed by standards distinct from those in *Taylor*.

### F. The waiver ruling rests on a record the Court did not explain.

Fox argues at length that waiver rested on bad faith rather than a three-day delay. The Order reflects no such finding. It states no reasons at all—neither at the July 17, 2026 hearing nor in the written orders that followed. Fox's *post hoc* account of what the Court concluded is argument, not the record. On the record that exists, the objections were served three days late, no deadline was affected, and no prejudice has been identified. Rule 54(b) permits the Court to revisit that result.

## IV. CONCLUSION AND PRAYER

Arroyo respectfully requests that the Court reconsider its Orders at ECF Nos. 13 and 48; DECLINE to compel jurisdictional discovery and decide the antecedent Rule 60(b)(4) motion first; alternatively, NARROW the jurisdictional discovery to the validity of service, Arroyo's corporate role and tenure, and the adequacy of MSD's alleged representation; VACATE the spoliation discovery for want of a predicate; find that Arroyo has not waived his objections; limit any

production to documents within his possession, custody, or control; and grant such other relief as is just. This reply is made without waiver of Arroyo's pending Rule 60(b)(4) motion or of any jurisdictional defense.

Pursuant to Section 5.H of this Court's Court Procedures, a separate proposed order granting the relief requested is submitted herewith.

Dated: September 16, 2026

Respectfully submitted,

By: /s/ Steven R. Shaver
Steven R. Shaver
Texas Bar No. 18136550
sshaver@rrspllc.com
Marcos G. Ronquillo
Texas Bar No. 17226000
Riney Ronquillo Soule PLLC
5420 LBJ Freeway, Suite 220
Dallas, Texas 75240
(214) 461-1206
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that on September 16, 2026, I electronically filed the foregoing using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

By: /s/ Steven R. Shaver