**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | | |
|---|---|---|
| FOX CORPORATION, FOX MEDIA LLC, and FOX SPORTS EN ESPAÑOL, LLC, | ) | |
| Plaintiffs, | ) | |
| v. | ) | CASE NO. 4:25-MC-02271 |
| MANUEL ARROYO, | ) | |
| Defendant. | ) | |

**DEFENDANT MANUEL ARROYO'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE HIS REPLY IN SUPPORT OF HIS MOTION FOR RECONSIDERATION**

## I. NATURE AND STAGE OF THE PROCEEDING

Fox registered an SDNY judgment against Arroyo in this Court. Arroyo moved under Rule 60(b)(4) to void that judgment for want of personal jurisdiction in the rendering court. Def.'s Mot. to Void J., ECF 2 (docketed as a Motion to Vacate); Br. in Supp., ECF 3. Rather than respond, Fox obtained jurisdictional discovery, Order, ECF 13, and later an order compelling responses, Order, ECF 47; Corrected Order, ECF 48. Arroyo moved for reconsideration of both. Def.'s Mot. for Recons., ECF 52; Br. in Supp., ECF 53.

Fox filed its response on September 8, 2026. Pls.' Resp., ECF 60. Arroyo filed his reply on September 16, 2026. In a footnote, the reply acknowledged that it came one day beyond the seven-day period in Section 7(A) of the Court Procedures, identified the new authority and record materials in Fox's response that it addressed, and asked the Court to accept it. Def.'s Reply, ECF 64 at 1 n.1. The reply is seven pages. Two days later, Fox moved to strike it. Pls.' Mot. to Strike, ECF 65. The motion for reconsideration remains pending.

## II. ISSUE PRESENTED AND STANDARD OF REVIEW

The issue is whether the Court should strike Arroyo's reply, ECF 64, where Fox identifies no authority permitting a brief to be struck, Section 7 of the Court Procedures accepts replies without leave and provides only that a reply "should" be filed within seven days, and Fox identifies no prejudice from the one-day interval.

The matter rests in the Court's discretion. The Federal Rules authorize the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are disfavored. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("motions to strike a defense are generally disfavored"); *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962) (describing a motion to strike as "a drastic remedy

to be resorted to only when required for the purposes of justice" (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953))).

## III. ARGUMENT

### A. Fox identifies no authority permitting the Court to strike a brief.

Fox asks the Court to strike a merits brief and cites nothing that authorizes the remedy. Its motion invokes Rule 16(b)(4) and the good-cause factors that govern modification of a scheduling order. It identifies no rule, no decision, and no provision of the Court Procedures permitting a brief to be struck.[1]

The Federal Rules supply no such authority. Rule 12(f) permits the Court to strike matter "from a pleading." Fed. R. Civ. P. 12(f). Rule 7(a) enumerates the pleadings: complaints, answers (including answers to counterclaims and crossclaims), and, if the Court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). A reply brief in support of a motion is not among them, and Rule 7(b), which governs motions and other papers, contains no striking provision.

[1] Plaintiffs' motion rests on three decisions that are not found in the reporters listed in Section 6.B of the Court Procedures. *See Lucero v. Gen. Motors LLC*, 2022 WL 16577308 (S.D. Tex. Nov. 1, 2022); *Eidos Display, LLC v. Chi Mei Innolux Corp.*, 2020 WL 10758855 (E.D. Tex. Jan. 16, 2020); *Sterling v. United States*, 2020 WL 470232 (N.D. Tex. Jan. 29, 2020). Section 6.B provides that a brief citing such authorities "should have appended to it" complete copies of the cases, with a paginated table of contents and tabs. None was appended, although Fox appended copies of nine unreported decisions to its own response on the motion for reconsideration. Pls.' App., ECF 60-2, Exs. 3–11. Fox invokes the Court Procedures against Arroyo's reply without complying with Section 6.B itself, but Arroyo does not ask that the motion be stricken on that account.

Relief would not be warranted even if the rule reached briefs, because motions to strike are disfavored. *See supra* Part II. Fox requests the most severe disposition available on a question of briefing: that the Court decline to read the movant's brief at all. Fox offers no explanation of why a one-day interval in the filing of a seven-page brief should carry that consequence, and it cites no case in which a brief was struck on that ground.

The Court retains inherent authority to manage its docket, and Arroyo does not suggest otherwise. But Fox does not invoke that authority, and its use to refuse consideration of a merits brief would call for some showing of prejudice or willful disregard of the Court's procedures. Fox has made neither. *See* Part III.D below.

**B. Section 7 of the Court Procedures requires no leave, and does not make the seven-day period mandatory.**

Fox's argument depends on a premise that Section 7 does not state. Section 7 provides: "The Court will accept replies without leave of Court with the following stipulations: (A) The Reply should be filed within seven (7) days of the date the Response was filed. (B) The Reply must be ten (10) pages or fewer." Court Procedures § 7.

The first clause is a standing grant: the Court accepts replies without leave. Fox's contention that "[b]efore a party can file an out-of-time reply, they must first file a separate motion for leave to file that reply and receive that leave from the

Court," Pls.' Mot. to Strike, ECF 65 at 3, appears nowhere in Section 7. Section 7 does not say that a reply filed on the eighth day must be preceded by a separate motion or will be stricken. Where the Court intends such a consequence, it says so. *See* Court Procedures § 5.G (failure to comply with the certificate-of-conference and proposed-order requirements "may result in the party's pleadings being denied or stricken"). Section 7 has no comparable provision. If its opening clause is read to condition the standing grant on the two stipulations, the result is that the Court decides, in its discretion, whether to accept a reply filed outside the first one, *see* Part III.E below, not that the reply is barred.

The verbs confirm the point. Subsection (A) provides that a reply "should" be filed within seven days. Subsection (B) provides that a reply "must" be ten pages or fewer. The Court used a different verb for each stipulation in the same provision. Fox quotes "should" accurately, Pls.' Mot. to Strike, ECF 65 at 2, and then argues as though the word were "must."

Arroyo complied with the stipulation the Court made mandatory: his reply is seven pages. Def.'s Reply, ECF 64.

Local Rule 7.4(E) is not to the contrary. Unless the presiding judge directs otherwise, it allows the party who filed an opposed motion to file a reply within seven days of the response, and it says nothing about striking a reply filed on the eighth day. S.D. Tex. L.R. 7.4(E).

**C. Rule 16(b)(4) and the *S&W Enterprises* factors govern scheduling orders, not the Court's standing procedures.**

Fox's good-cause framework comes from a different body of law. Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "schedule" is the scheduling order a district judge issues under Rule 16(b)(1), whose required contents Rule 16(b)(3) specifies: deadlines to join parties, to amend the pleadings, to complete discovery, and to file motions. Fed. R. Civ. P. 16(b)(1), (3). No Rule 16(b) scheduling order governs reply briefing in this miscellaneous action, a judge's standing procedures are not a Rule 16(b) "schedule," and Fox cites no authority treating them as one.

Fox's own authority confirms the mismatch. *S&W Enterprises* addressed a motion to amend a complaint filed more than three months after the scheduling order's deadline for amending pleadings, and the Fifth Circuit held that "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Its four factors (the explanation for the failure to act timely, the importance of the amendment, potential prejudice, and the availability of a continuance) concern amendment of pleadings. They do not fit a reply brief filed one day after the seven-day period in the Court Procedures. Fox's quotation of the test substitutes "[file a reply]" and "[reply]" for the original references to amendment. Pls.' Mot. to Strike,

ECF 65 at 3. Fox also observes that "Arroyo makes no attempt to satisfy these factors or otherwise explain his delay." *Id.* at 4. The first half is correct, because the factors concern amendments and Arroyo's reply seeks to amend nothing. The second half is wrong, as shown in Part III.D below.

Fox's other authorities, none of which Fox appended to its motion, *see* n.1 *supra*, are, as Fox describes them, of the same kind. *Eidos Display* and *Sterling* concern the showing required for untimely relief measured against a court-imposed schedule, *id.* at 3–4, and *Lucero* concerns combining requests for relief with a response or reply, *id.* at 3. Fox does not describe any of them as striking a brief filed one day outside a judge's standing procedures.

**D. Fox identifies no prejudice arising from the reply.**

Fox's prejudice discussion is directed to matters other than the reply. It describes "daily financial harm by Arroyo's ongoing contempt of the SDNY's injunction," and it attributes prejudice to "stalling in jurisdictional discovery, filing a petition for writ of mandamus, and filing late motions." Pls.' Mot. to Strike, ECF 65 at 4. Those are objections to the merits of the underlying dispute and to Arroyo's litigation positions, not consequences of the one-day interval between September 15 and September 16, 2026.

Fox does not identify a deadline it missed, a filing it was unable to make, a hearing that was continued, or any work it was required to repeat because of the one-

day interval. Fox filed this motion two days after the reply, and the motion for reconsideration has remained pending throughout.

Nor does the relief Fox seeks serve the interest Fox asserts. Striking the reply would not advance the resolution of the motion for reconsideration; it would subtract one brief from the Court's consideration of it. Fox's own motion has been pending since September 18, 2026, and now requires this response. A one-day interval in a reply brief also cannot be measured against the nearly seven months the Rule 60(b)(4) motion has been pending. Arroyo filed that motion on March 9, 2026. Def.'s Mot. to Void J., ECF 2; Br. in Supp., ECF 3. Fox asked the Court to stay its own deadline to respond, Pls.' Emergency Mot. to Stay Resp. Deadline, ECF 5, the Court did so, Order, ECF 13, and, as the docket reflects, Fox has still not responded to that motion. Yet Fox seeks to strike Arroyo's reply over a 24-hour interval.

Fox's account of the reply's footnote is also inaccurate. Fox states that Arroyo "did not offer any justification for the untimely filing." Pls.' Mot. to Strike, ECF 65 at 2. Two pages later, Fox quotes part of the justification: that Fox's response raised new "authority and record materials." *Id.* at 4. The footnote identified them: "including the September 5, 2025 hearing transcript." Def.'s Reply, ECF 64 at 1 n.1. Fox placed that transcript excerpt in the record with its response, as Exhibit A to the Tucker Declaration, Pls.' App., ECF 60-2 at 4–12, and relied on it, Pls.' Resp., ECF 60 at 17–18. A reply is the only vehicle through which Arroyo could address material

first offered against him in a response. Fox complains that Arroyo does not explain how that material "necessitated additional time," Pls.' Mot. to Strike, ECF 65 at 4, but that is not the question. The question is whether a one-day interval harmed anyone, and Fox identifies no one it harmed.

**E. Alternatively, leave should be granted.**

Section 7 required no leave, and it does not require that a request to accept a reply be made by separate motion. Arroyo's reply asked the Court to accept it and stated why. Def.'s Reply, ECF 64 at 1 n.1. To the extent the Court concludes that leave was required, Arroyo respectfully requests that leave be granted and that the reply be deemed filed as of September 16, 2026.

Acceptance is warranted even on the factors Fox borrows. The explanation is the one the reply gave, which Fox quotes in part: the response introduced new authority and new record material, including a hearing transcript not previously before the Court. The reply is important because it addresses that material and the legal questions on which the pending motion turns. There is no prejudice, for the reasons stated above. And no continuance is needed, because nothing has been delayed.

If any rule applies, it is Rule 6(b)(1)(B), which permits the Court to accept a filing made after the time has expired on a showing of excusable neglect. The Supreme Court has explained that excusable neglect under Rule 6(b) "is a somewhat

'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (footnotes omitted). Applying the parallel bankruptcy rule, the Court identified relevant considerations, including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395. Each consideration favors acceptance for the reasons already given.

## IV. CONCLUSION AND PRAYER

Arroyo respectfully requests that the Court DENY Plaintiffs' Motion to Strike, ECF 65, and consider his Reply, ECF 64, on the merits; ALTERNATIVELY, that the Court GRANT leave for the Reply to be deemed filed as of September 16, 2026; and that the Court grant such other relief as is just. This response is made without waiver of Arroyo's pending Rule 60(b)(4) motion or of any jurisdictional defense.

Pursuant to Local Rule 7.4(D) and Section 5.H of the Court Procedures, a separate proposed order denying the relief requested in Plaintiffs' motion is submitted herewith.

Dated: October 8, 2026

Respectfully submitted,

By: /s/ Steven R. Shaver

Steven R. Shaver
Texas Bar No. 18136550
sshaver@rrspllc.com
Marcos G. Ronquillo
Texas Bar No. 17226000
Riney Ronquillo Soule PLLC
5420 LBJ Freeway, Suite 220
Dallas, Texas 75240
(214) 461-1206
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on October 8, 2026, I electronically filed the foregoing using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

By: /s/ Steven R. Shaver