**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **FOX CORPORATION,** | § | |
| **FOX MEDIA LLC, and** | § | |
| **FOX SPORTS EN ESPAÑOL LLC,** | § | |
| ***Plaintiffs*** | § | |
| | § | **CAUSE NO. 4:25-MC-02271** |
| **v.** | § | |
| | § | |
| **MANUEL ARROYO,** | § | |
| ***Defendant.*** | § | |
| | § | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF
MOTION TO STRIKE ARROYO'S REPLY
IN SUPPORT OF HIS MOTION FOR RECONSIDERATION [ECF 65]**

The Court's procedures "used in conjunction with the Local Rules" demand "strict compliance." Court Procedures, p. 1. Both this Court's Procedures and the Local Rules set seven days for replies. *See id.* § 7; LR 7.4(E) ("a party who has filed an opposed motion may file a brief within 7 days from the date the response is filed"). Manuel Arroyo openly admits his reply "came one day beyond the seven-day period in Section 7(A) of the Court Procedures." ECF 66 at 2. But he thinks he is entitled to extra time—making no effort to explain why his reply was late.[1] Arroyo plainly has failed to show good cause for his failure, and his untimely reply should be stricken.

[1] Arroyo gestures on the last full page of his brief to "excusable neglect," ECF 66 at 9, but he makes no effort to present facts that would demonstrate whether this situation was just him providing himself an extra day because he wanted one, or because there was some sort of good faith basis for why his neglect should be considered excusable.

The Court has "broad discretion" to control its docket, including the discretion to deny "untimely filed motions." *Harrison v. Tekoa Charter Sch., Inc.,* No. H-16-2037, 2017 WL 3671301, at *2 (S.D. Tex. Aug. 2, 2017) ("'The district court has broad discretion in controlling its own docket,' including scheduling orders and denying untimely filed motions.") (citation omitted); *see also Nat'l Gas Pipeline Co. of America v. Energy Gathering, Inc.,* 86 F.3d 464, 467 (5th Cir. 1996) ("Federal courts have inherent powers necessary to achieve the orderly and expeditious disposition of their dockets."). Arroyo ignores this authority, ignores the local rules, and ignores the Court's own procedures setting time limits for motion practice. Instead, he suggests that the Court must have a rule or procedure that states explicitly that an untimely response shall be stricken in order for the Court to possess such a power. No such express and particular authorization is required for this Court to control its docket and enforce its procedures.

Arroyo next argues that the seven-day deadline for filing a reply laid out in the Court's procedures is a suggestion, not a requirement. He argues, with scare quotes around "should," that "Section 7 of the Court Procedures . . . provides only that a reply 'should' be filed within seven days," not must. ECF 66 at 2. That tortured reading of the Court's procedures is patently meritless. Arroyo cannot just choose to ignore court procedures without seeking relief. Litigants cannot treat rules as mere suggestions. *Reule v. M & T Mortgage,* 483 S.W.3d 600, 620 (Tex. App.—Houston 2015) (litigants "must follow the rules or ask for relief from them; [they] may not simply disregard them"); *cf. Charles v. Sanchez,* No. EP-13-CV-00193-DCG,

2015 WL 808417, at *2 (W.D. Tex. Feb. 24, 2015) (litigant "did not seek leave to file a sur-reply, and therefore the Court will not consider the filing in relation to that motion"). "Pro se parties must read and follow the local civil rules of this court and the Federal Rules of Civil Procedure." *Oliver v. Circular Servs. LLC,* No. 3:25-cv-3368-L-BN, 2026 WL 1049785, at *1 (N.D. Tex. Feb. 12, 2026) (citation omitted). That rule applies all the more to Arroyo, a represented party.

Arroyo next criticizes the Court's Procedures for its use of the word "should"—arguing that if the Court wanted a seven-day deadline, it should have used the word "must." ECF 66 at 5. But the Court's procedures make clear that that any reply must be filed within seven days by stating it will accept replies *with certain stipulations*, including that they be filed within seven days: "The Court will accept replies without leave of Court with the following stipulations: (A) The Reply should be filed within seven (7) days of the date the Response was filed. (B) The Reply must be ten (10) pages or fewer." Court Procedures § 7. The Court's procedures are consistent with Local Rule 7.4(E): "a party who has filed an opposed motion may file a brief within 7 days from the date the response is filed." The "may" in the local rules is present because a party is not required to file a reply. The deadline applies to a litigant only if they choose to file a reply. The same is true of the word "should" in the Court's procedures—a litigant is not required to file one, but if they choose to, then they are subject to the seven-day deadline. Court Procedures § 7.

Arroyo claims that his position is consistent with the Court's procedures and Local Rule 7.4(E), but he cites no authority to support that spurious position. The

case law unsurprisingly supports Plaintiffs' position. *E.g., Nino v. Cervantes Reyna*, No. 5:24-CV-33, 2025 WL 4081383, at *1 n.1 (S.D. Tex. July 22, 2025) ("Under the Southern District of Texas' Local Rules, a reply must be filed 'within 7 days from the date the response is filed.' S.D. Tex. L.R. 7.4(E). Because Plaintiff missed the deadline and did not ask for leave to file his untimely reply, the Court will not consider it."); *see also Sec. & Exch. Comm'n v. Milles*, No. 1:19-CV-714-RP, 2020 WL 1520139, at *1 (W.D. Tex. Mar. 28, 2020) (citing *Kitchen v. BASF*, 952 F.3d 247, 254 (5th Cir. 2020)) (where a litigant makes "no request to extend the time to file [their] response before the [ultimate] deadline" and "did not file a motion for an extension arguing excusable neglect," "the Court will not consider Defendant['s] untimely reply."); *Paez v. Fam. Dollar Stores of Texas, LLC*, No. A-24-CV-645-DII, 2024 WL 4810377, at *2 (W.D. Tex. Oct. 31, 2024), report and recommendation adopted, No. 1:24-CV-645-DII, 2024 WL 4806493 (W.D. Tex. Nov. 15, 2024) (Plaintiff "did not seek leave of court to file his untimely reply, and he offered no explanation for why it was filed so late. Accordingly, the court strikes the reply.").

Arroyo also argues that Federal Rule of Civil Procedure 6(b)(1)(B) applies instead of Federal Rule of Civil Procedure Rule 16(b)(4). ECF 66 at 6, 9. This argument is immaterial because he fails under Rule 6(b)(1)(B)'s standard too. In fact, Rule 6(b)(1)(B) has more requirements than Rule 16(b)(4)—it demands good cause, a motion requesting the extension, *and* excusable neglect. Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court

may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

In analyzing whether excusable neglect exists to merit an extension, courts in this circuit consider factors similar to those considered under Rule 16(b)(4)'s "good cause" requirement: "(1) the prejudice to [the non-movant]; (2) the length of [the movant's] delay and its impact on the proceeding; (3) the reason for the delay and whether it was within [the movant's] control; and (4) whether [the movant] acted in good faith."[2] *Vasquez v. CIMA Servs., L.P.*, No. 25-20133, 2026 WL 893103, at *3 (5th Cir. Apr. 1, 2026) (per curiam) (citing *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012); *see also Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006). Arroyo makes no attempt to satisfy these factors or otherwise explain his delay, including why his neglect was excusable. Thus, even if the Court applies the similar standard articulated under Rule 6(b)(1)(B), Arroyo fails to meet it.

Arroyo next tries to argue that there is a difference between not following a scheduling order and not following court procedures, ECF 66 at 6, and that it is essentially fine for him not to follow deadlines set in court procedures or rules. That a certain deadline is set in the Court's procedures, rather than a scheduling order, does not make that deadline less binding on a litigant. *See, e.g.*, *Lewis Mech. Sales, Inc. v. Union Standard Ins. Grp., LLC*, No. 2:16-CV-496, 2017 WL 1313795, at *1 n.4

---

[2] The "movant" refers to the party seeking an extension of time while the "non-movant" refers to the party opposing the late filing. Such language is used because Rule 6(b)(1)(B), like the local rules, requires a motion to obtain an extension of time. Again, Arroyo did not file one.

(S.D. Tex. Apr. 7, 2017) (refusing to consider untimely reply because it was filed after the deadline set in Section 5D of the Court's Civil Procedures).

Finally, Arroyo argues that Fox is not prejudiced by his late filings. But Fox continues to be prejudiced by the time and resources expended to respond to Arroyo's violations of the rules. Plaintiffs are prejudiced whenever they have to act to ensure that Arroyo does not receive an unfair advantage every time he decides to flout a Court rule.

Arroyo's untimely reply is improper, violates the rules, prejudices Plaintiffs, and should be stricken.

Respectfully submitted,

**PHELPS DUNBAR LLP**

By: *\/s/ Marcus Tucker*
Marcus R. Tucker
Federal Bar No. 12769
State Bar No. 20282360
1001 Fannin St., Ste. 2200
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email: marcus.tucker@phelps.com

**ATTORNEY FOR PLAINTIFFS**

**OF COUNSEL:**

**PHELPS DUNBAR LLP**
D. Michael Hurst, Jr.**
MSB No. 99990
1905 Community Bank Way, Ste. 200
Flowood, MS 39232
Telephone: 601-352-2300
***Admitted Pro Hac Vice*

**STEPTOE LLP**
Katherine A. Petti**
kpetti@steptoe.com
Christopher T. Berg (Bar No. 24082682)
cberg@steptoe.com
633 West Fifth Street. Ste. 1900
Los Angeles, CA 90071
Telephone: 213-439-9400
***Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I certify that on October 15, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send electronic notice of such filing to all counsel of record.

*/s/Marcus R. Tucker*
Of Phelps Dunbar LLP