IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FOX CORPORATION, FOX MEDIA LLC, and FOX SPORTS EN ESPAÑOL LLC, *Plaintiffs*, | § § § § | CAUSE NO. 4:25-MC-02271 |
| v. | § § § | |
| MANUEL ARROYO, *Defendant*. | § | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE IN SUPPORT OF THEIR OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

Fox Corporation, Fox Media LLC, and Fox Sports En Español LLC (collectively "Plaintiffs" or "Fox") respectfully move this Court for leave to file Plaintiffs' Supplemental Response In Support of Their Opposition to Defendant's Motion for Reconsideration (the "Supplemental Response").

Plaintiffs' Supplemental Response brings forth an important update from the related Southern District of New York litigation to this Court's attention. *See Fox Corp. v. Media Deportes Mexico, S. de R.L. de C.V.*, No. 1:25-cv-06703-JSR (S.D.N.Y.) (the "SDNY Litigation"), ECF No. 297, Order Imposing Civil Confinement on Manuel Arroyo. On October 26, 2026, the SDNY court imposed civil confinement on Manuel Arroyo for his contempt of the SDNY court's orders.

Plaintiffs have argued that the Court was justified in granting jurisdictional discovery into Manuel Arroyo's relationship with Mexico Sports Distribution ("MSD") because "Arroyo continued to direct MSD in the SDNY litigation to advance his own

interests" and that Arroyo presented an "untrustworthy, likely-falsified document" to the Court that purported to remove him as MSD's president before the SDNY Litigation began. ECF No. 60 at 7.

The SDNY court's civil confinement order is relevant to denying Arroyo's Motion for Reconsideration because the SDNY found that (1) Arroyo directed MSD's order-violating conduct well after January 1, 2025 and (2) Arroyo personally engaged in the same document-fabricating conduct before the SDNY that Plaintiffs have accused Arroyo of engaging in before this Court. Specifically, the SDNY court found that "crucially, the Court concludes that Arroyo was personally involved in directing the foregoing attempts to defy the Court's orders," which included "[b]etween September 19, 2025, and March 31, 2026, MSD ma[king] over 100 transfers out of its account totaling over $12 million . . . . in violation of the Court's asset freeze order" and "MSD attempt[ing] to back-date a draft agreement with a third party to make it appear the document had been signed prior to the Court's September 2025 asset freeze order." SDNY Litigation ECF No. 297 at 5. These findings reinforce precisely what Plaintiffs have contended before this Court: (1) that Arroyo personally directed MSD's conduct throughout the SDNY Litigation and (2) that Arroyo has engaged in fabricating documents to advance his litigation position in the United States, including in this case. *See, e.g.,* ECF No. 60 at 7.

"A movant seeking to file a supplemental brief must: (1) 'show that it has new information that was not available at the time it filed its [motion] in order to receive leave to file' its supplemental briefing; and (2) 'demonstrate that this information is

relevant to the Court's ... analysis and would therefore aid the justiciable disposition of [the] case.'" *Silvas v. Equifax Info. Services, LLC*, No. 3:19-CV-2932-K, 2020 WL 4000848, at *2 (N.D. Tex. July 15, 2020) (quoting *Hoffman v. AmericaHomeKey, Inc.*, 2014 WL 12577347, at *1–2 (N.D. Tex. July 29, 2014)).

Good cause exists to grant leave to file the Supplemental Response because the SDNY court's civil confinement order had not occurred at the time that Plaintiffs' Response brief was due, and the information is highly relevant to Plaintiffs' arguments in opposition to Arroyo's Motion for Reconsideration.

Plaintiffs respectfully request that the Court grant this Motion for Leave to File Supplemental Response in Opposition to Manuel Arroyo's Motion for Reconsideration. A true and accurate copy of the proposed Supplemental Response is attached as Exhibit A. A true and accurate copy of the SDNY court's civil confinement order against Manuel Arroyo is attached as Exhibit B.

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Marcus R, Tucker*
Marcus R. Tucker
Federal Bar No. 12769
State Bar No. 20282360
1001 Fannin, Suite 2200
Houston, Texas 77002
Telephone: 713-626-1386
Telecopier: 713-626-1388
Email: marcus.tucker@phelps.com

**ATTORNEYS FOR PLAINTIFFS**

**OF COUNSEL**:

**PHELPS DUNBAR LLP**

D. Michael Hurst Jr.**
MS Bar No. 99990
1905 Community Bank Way, Ste. 200
Flowood, MS 39232
Telephone: 601-352-2300
Email: mike.hurst@phelps.com
***Admitted Pro Hac Vice*

**STEPTOE LLP**
Katherine A. Petti**
CA Bar No. 339052
kpetti@steptoe.com
Christopher T. Berg
Bar No. 24082682
cberg@steptoe.com
633 West Fifth Street, Ste. 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
***Admitted Pro Hac Vice*

## CERTIFICATE OF CONFERENCE

The undersigned counsel certifies that counsel for Plaintiffs has communicated with counsel for Defendant, Steven R. Shaver, and counsel for Defendant is opposed to the relief sought in this Motion.

*<u>/s/ Marcus R. Tucker</u>*
Of Phelps Dunbar LLP

**CERTIFICATE OF SERVICE**

I certify that on the 3rd day of November, 2026, the foregoing document was filed with the Clerk of the Court by using the CM/ECF system which will send electronic notice of such filing to all counsel of record.

*/s/ Marcus R. Tucker*
Of Phelps Dunbar LLP